In the Matter of the Estate of Philip Briatico, Deceased.

Surrogate's Court, New York County, June 28, 1949.

*David H. Perlman* for Philip Spinelli, as attorney in fact for Cesare Briatico, petitioner.

*Joseph A. Cox,* for Francis J. Mulligan, Public Administrator of the County of New York, respondent.

Collins, S.   The determination of the question of fact of decedent's domicile at the time of his death will be dispositive of the application for ancillary letters of administration and for the revocation of letters of administration.   It is conceded that the decedent, when domiciled in New York County, was committed to a mental institution by order of the Supreme Court, New York County.   Thereafter he was adjudged incompetent by the Supreme Court and a committee of his estate was appointed. It is not disputed that he died in Italy in 1947, without ever having regained his competency.

Without more, the resolution of the issue would present no difficulty.   Decedent's abode is not decisive of the factum of domicile.   Concomitant requisites for a change of domicile, namely, residence and intention, must be present.   Each is useless without the other to effectuate a change of domicile. (*Matter*

*of Newcomb,* 192 N. Y. 238.) The decedent, as an adjudged incompetent, could not form or have the intention to change his acquired domicile. (*Matter of Rothfeld* v. *Graves,* 264 App. Div. 54, affd. 289 N. Y. 583; *Matter of Horton,* 175 App. Div. 447.)

Petitioner relies, however, on the fact that the committee of the estate, in his annual accounting for 1925 noted that the incompetent had been repatriated on or about June 2, 1925, to the care of his mother in Italy and listed certain disbursements incurred for the transfer to his native land. The argument proceeds that since the Supreme Court approved the account as filed, that court in fact sanctioned a change of domicile for the incompetent. The Surrogate takes a contrary view. The committee of the estate has no jurisdiction over the person of an incompetent. (*Matter of Webber,* 187 Misc. 674.) The function of such a committee is but to husband the assets of the estate and deliver them over to his charge when he becomes competent or turn them over to his legal representative when he dies. (*Matter of Webber, supra; Matter of Rasmussen,* 147 Misc. 564.) The record does not disclose that the Supreme Court was expressly moved to consent to a change of domicile or to authorize the transfer of the incompetent. On the contrary, it is reasonable to infer that the procedure provided by section 96 of the Insanity Law, now section 23 of the Mental Hygiene Law, was employed to effect the incompetent's removal to Italy. The approval of an account by the Supreme Court does not imply the ratification of an act which the committee of the property was powerless to perform. Further, it does not appear that the committee even attempted to change the domicile of the incompetent. The court having jurisdiction did not authorize a change of deceased incompetent's domicile. (*Matter of Viscomi,* 183 Misc. 374.) The Surrogate holds that the decedent died domiciled in New York County. The application is in all respects denied.

Submit decree, on notice accordingly.